**WHITE v. COOPER.**

No. 10702.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 18, 1940.

Rehearing Granted Oct. 30, 1940.

Rehearing Denied Dec. 11, 1940.

Kent & Brown, of Harlingen, for appellant.

Polk Harnaday and Arthur Klein, both of Harlingen, for appellee.

SMITH, Chief Justice.

Plaintiff, B. P. Cooper, sued the defendant A. B. White for damages for an alleged breach of contract, dated August 13, 1937, by which plaintiff became obligated to ship, and defendant became obligated to take and pay for, an average of 150 to 160 barrels of crude oil daily, "as and if produced," f. o. b. Pettus, Texas, to defendant's refinery at Harlingen, Texas, for a period of six months beginning September 1, 1937.

It appears from the record that plaintiff made various deliveries to defendant under the contract, but not always in the daily quantities provided in the agreement; that before the contract period expired defendant notified plaintiff to cease shipments (for the stated reason that defendant's plant had broken down) and thereafter refused to accept or pay for any more of plaintiff's product. Plaintiff sued to recover the difference between the stipulated price of the product contracted for and rejected, and the price at which he was forced to sell it because of its rejection. In a trial to the court, without a jury, plaintiff recovered as prayed for and defendant has appealed. The parties will be designated as plaintiff and defendant, respectively, as in the trial court.

The trial judge found that plaintiff breached the contract by consistently shipping less quantities of oil daily than he had agreed to ship, but that defendant waived the breach by his conduct and was therefore not entitled to the at-tempted cancellation. The case is one of fact, which the trial judge resolved against defendant upon full written findings and conclusions of law.

In his first and second propositions defendant asserts that plaintiff was prohibited from recovering because it appeared and the court found that plaintiff first breached the contract, or only partially performed his obligations thereunder. The propositions are sound so far as they go, but fail in the face of the finding that defendant waived the breach by plaintiff, by continually accepting less than full performance, without complaint, and thereby cut himself off from the right of repudiation without prior notice of an intention to thereafter exact strict performance. We overrule defendant's first and second propositions, and for like reasons his fourth and fifth propositions.

It appears that the court admitted testimony that the parties had a parol agreement concerning the number of tank cars to be used in shipping the oil to defendant, which had the effect of placing a greater burden on defendant than was imposed upon him by express terms of the written agreement. The trial court admitted this testimony over defendant's objection that it varied the terms of the written agreement; it was admitted on the theory that the written agreement was ambiguous. The parties write at great length in their briefs upon this question, which is raised in defendant's third proposition, but the question is not deemed material to the appeal. It did not affect the controlling questions of breach and waiver, and even if the testimony was inadmissible, it would be presumed, and in fact the trial judge expressly stated in his findings, and he would render the judgment appealed from without regard to the objectionable testimony. We overrule defendant's third proposition.

The judgment is affirmed.

### On Motion for Rehearing.

Defendant contends that his acceptance of smaller quantities of oil than that specified in the contract did not constitute a waiver of the breach of contract, because delivery of the specified amount was made contingent upon that amount being produced; that it was not shown that his acceptance of the short shipments was done with knowledge that deliveries were

substantially less than the amounts actually produced, as was the case; that he had a right to assume that plaintiff was shipping all he was producing, and to further assume that plaintiff's failure to ship the full amounts contracted for was caused by lack of production, which would excuse the default, and not by a wilful breach. We sustain defendant's contention.

■ The provision to ship oil "if and as produced" was sufficient to excuse appellee for shipping less oil than called for, unless it was actually produced, and by the same token, a short shipment due to short production would give appellant no cause to complain, and he would be bound by the terms of the contract to accept the smaller amount, which he did. This acceptance was not inconsistent with his right to rely on the contract. Unless it affirmatively appears that appellant accepted the short shipments with knowledge of the material fact that sufficient oil had been produced to comply with the contract, and thereby intentionally relinquished a known right, he can not be held to have waived the breach. "Waiver is operative only where the person charged has actual or constructive knowledge of all the material facts concerning the right or privilege involved. * * * no one can be said to have waived that which he does not know, nor can he be precluded where he has acted under a misapprehension of the facts." 43 Tex.Jur. p. 895, sec. 4; Bering Mfg. Co. v. W. T. Carter & Bro., Tex.Civ.App., 255 S.W. 243; Id., Tex. Com.App., 272 S.W. 1105.

■ The burden was upon plaintiff, in order to establish waiver, to show that defendant accepted the short deliveries with knowledge of the material fact that the default was deliberate, and not because of insufficient production. Plaintiff did not meet that burden in this case, and the trial court therefore erred in holding that defendant waived the breach of contract and the judgment must be reversed.

The record in the case is not satisfactory, and other questions, some of them of doubtful solution, call for remand, in order that they may be clarified, and a mass of immaterial pleadings and evidence eliminated.

Defendant's motion for rehearing will be granted and the judgment reversed and the cause remanded.